IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOJO MOBILE, LLC and ) <br> JOHN HENNESSY, III, ) <br> ) <br> Defendants. ) | Case No. 3:13-cv-0214 <br> Chief Judge Haynes |

**M E M O R A N D U M**

Plaintiff, Cricket Communications, Inc. ("Cricket") filed this action under 28 U.S.C. § 1332, the federal diversity jurisdiction statute against the Defendants Mojo Mobile, LLC and John Hennessy, III, Wisconsin citizens. Plaintiff seeks to enforce its post-termination rights under its Premier Dealer Agreement with Defendants who breached their agreement by opening stores under the names of other wireless providers at former Cricket store locations that are covered by the agreement. Cricket requested injunctive relief and after service on the Defendants the Court set a hearing on Plaintiff's motion for a preliminary injunction. The Defendants did not appear for that hearing.

On April 8, 2013, this Court entered its oral ruling granting Cricket's motion for preliminary injunction. (Docket Entry No. 31). On April 10, 2013, the Court entered a Preliminary Injunction that:

> preliminarily and permanently enjoins Defendants John Hennessy, III, and Mojo Mobile, its officers, agents, servants, employees, attorneys, Affiliated Persons, Affiliated Entities, including the Boost Mobile outlet operated by the former owner of Mojo Mobile that is currently operating under the name of JPH Mobile Stores,

1

LLC, including all employees, officers and agents of JPH Mobile Stores, LLC, and other persons acting either in concert or in participation with Defendant Mojo Mobile, its owners, officers, agents, servants, employees, attorneys, and Affiliated Persons, from directly or indirectly selling, contracting to sell, or promoting to sell, any wireless telephone or wireless internet data service or service plan directly in competition with Cricket in violation of the parties' Dealer Agreement.

(Docket Entry No. 33).

On April 8, 2013, Cricket's counsel sent to Stephen Joseph, counsel for Defendants and John P. Hanrahan a copy of the transcript of the Court's order. (Docket Entry No. 36-1, Exhibit A to Plaintiff's motion for contempt). On April 10, 2013, following the entry of the Preliminary Injunction, Cricket's counsel delivered the Preliminary Injunction to Stephen Joseph, counsel for the Defendants, by email; and by Federal Express to Mojo Mobile's registered agent, John Hennessy, III; John Hennessy, III; and the following three store locations that remain open and are operated by JPH Mobile Stores, LLC:

40 Power Drive, Council Bluffs, Iowa

2034 W. Broadway, Council Bluffs, Iowa

4715 S. 27th Street, Milwaukee, Wisconsin

(Docket Entry No. 36-2, Exhibit B to Plaintiff's motion for contempt).

Plaintiff attempted service on Hanrahan, individually and as registered agent for JPH Mobile Stores, LLC, but Hanrahan has not accepted service. Plaintiff filed a copy fo the Federal Express reports showing Plaintiff's attempts to serve JPH Mobile Stores and Hanrahan. Id. Hanrahan is Defendant John Hennessy, III's brother-in-law who received service of the Preliminary Injunction and the transcript of the Court's oral ruling.

Before the Court is Plaintiff's motion for contempt against Defendants: Mojo Mobile, LLC,

2

and John Hennessy, III and Respondents JPH Mobile Stores, LLC; John P. Hanrahan, Brant Christiansen and all persons acting in concert or active participation with them (JPH Mobile Stores, John P. Hanrahan, Brant Christiansen and others are collectively referred to herein as "Respondents"). In support of its motion, Plaintiff cites Defendants and Respondents' intentional and deliberate violations of this Court's preliminary injunction entered on April 10, 2013. (Docket Entry No. 33). The Court set a hearing on the Plaintiff's motion, but the Defendants did not appear, despite service and notice of the hearing.

At the hearing, Plaintiff submitted proof that Defendants and Respondents operate the former Cricket store locations offering for sale wireless telephone or wireless internet data service or service plans that compete directly with Cricket. Joshua Farace attested to photographs of two store locations that Defendants operate in violation of the Preliminary injunction and Jen Beard-Mueller identified a photograph of a third store location operated in violation of the Preliminary Injunction. (Docket Entry Nos. 38 and 39). These photographs were taken after entry of the Court's Preliminary Injunction and services on Defendants of the transcript of the Preliminary Injunction to Hanrahan, Joseph and Hennessy, individually and as registered agent for Mojo Mobile.

The Court has ample authority to find Defendants and Respondents in civil contempt and to impose sanctions for their blatant, continuous and willful violations of this Court's Preliminary Injunction. This Court has the inherent authority to enforce its Orders through exercise of its contempt powers. United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). The contempt power extends to injunctions. Gunn v. Univ. Comm. To End the War in Vietnam, 399 U.S. 383, 26 L.Ed.2d 684 (1970) ("An injunctive order is an extraordinary writ, enforceable by the power of contempt. The judicial contempt power is a potent weapon."). The

Court can also award compensatory damages and attorneys' fees for a defendant's violation of permanent injunction. Gnysys, Inc. v. Greene, 437 F.3d 482 (6th 2005).

Civil contempt is appropriate here to compel obedience to the Court's Order or to compensate Cricket for the losses it has suffered as a result of the disobedience. United Mine Workers, 330 U.S. at 303-04. In imposing contempt sanctions, the Court must consider: (1) harm from non-compliance; (2) probable effectiveness of the sanction; (3) the financial resources of the party being sanctioned and the burden the sanctions may impose; and (4) the willfulness of the party's conduct in disregarding the Court's order. United Mine Workers, 330 U.S. at 303-04.

Despite this Court's clear order, the Defendants and Respondents continue to violate the Preliminary Injunction by "directly or indirectly selling, contracting to sell, or promoting to sell, any wireless telephone or wireless internet data service or service plan directly in competition with Cricket". Attached to the Declaration of Joshua Farace are photographs of two store locations (40 Power Drive, Council Bluffs, Iowa and 2034 W. Broadway, Council Bluffs, Iowa) that have been and continue to sell wireless telephone and internet data services directly in competition with Cricket. (Docket Entry Nos. 36-1 and 36-2), Indeed, the Court referenced the store location located at 40 Power Drive in its Preliminary Injunction specifically as "the Boost Mobile outlet operated by the former owner of Mojo Mobile that is currently operating under the name of JPH Mobile Stores, LLC." (Docket Entry No. 33). These operations are reflected in photographs of Christiansen and Jen Beard-Mueller. (Docket Entry Nos. 38 and 39). Each of these store locations received a copy of the Court's Preliminary Injunction.

The Court finds that the Defendants Mojo Mobile and John Hennessy, III; and Respondents JPH Mobile Stores, LLC; John P. Hanrahan; Brant Christiansen and all others acting in concert or

4

active participation with them are in civil contempt of the Court's Order. The Court also orders the seizures of the former Defendants' and Respondents' bank accounts for their violations of the Court's Preliminary Injunction under the Court's inherent authority. See, Cricket Communications, Inc. v. Talk Til You Drop Wireless, Inc., 2009 WL 2850687 *5-6 (M.D. Tenn. 2009).

Under the parties' Dealer Agreement: "If Dealer breaches this covenant, then, in addition to any other legal or equitable remedy that Cricket may have, the post-termination period of this covenant will be extended one (1) day for each day during which Dealer's breach was ongoing". Because the evidence clearly demonstrates that the Defendants and Respondents continue their wrongdoing, the Court orders the Plaintiff's and Defendant's post-termination relationship continue from the date of Defendant's breach until Defendants demonstrate actual compliance with the Preliminary Injunction otherwise terminated by the Court.

In addition, this Court awards Cricket its attorneys' fees and costs that the parties' dealer agreement authorizes for the prevailing party in the event of a breach. (Docket Entry No. 13, ¶ 11(c)). See Gnysys, 437 F.3d at 489.

An appropriate Order is filed herewith.

**ENTERED** this the 6th day of January, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court